# CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

AT

## SEPTEMBER TERM, 1907.

---

STATE, EX REL. JOHN L. SUNDEAN, RELATOR, V. GEORGE C. JUNKIN, SECRETARY OF STATE, RESPONDENT.

FILED NOVEMBER 9, 1907. No. 15,336.

Elections: CANDIDATES: BALLOTS. If an individual has filed the application required by section 5 of the primary election law (laws 1907, ch. 52), and has duly qualified himself to be the candidate of a political party, and the requisite number of members of another party file a petition complying with section 45 of that act, asking that the name of the same person be also placed upon the ballot of their party, it is the duty of the officer making up the ballot to place the name of the person so designated upon the ballots of both political parties.

ORIGINAL application for a writ of mandamus to compel respondent to place the name of relator on the primary election ballot. *Writ allowed.*

*George L. Loomis* and *A. S. Tibbets,* for relator.

*W. T. Thompson, Attorney General, W. B. Rose* and *Grant G. Martin, contra.*

SEDGWICK, C. J.

The relator filed an application in this court for a writ of mandamus against the respondent to require him, as secretary of state, to place the name of the relator on the ballot at the primary election held on September 3, 1907,

4        (1)

as a candidate of the people's independent party for the office of regent of the university, and also to place the relator's name as a candidate for the same office upon the democratic primary ballot. The writ was allowed for the reasons hereinafter stated. The relator is a qualified voter, resident of the city of Wahoo, in Saunders county, in this state, and on the 20th of July, 1907, he filed with the respondent, as secretary of state, a written application to have his name placed upon the primary ballot as candidate of the people's independent party for the said office. This application was filed pursuant to section 5 of the primary election law (Comp. St. 1907, ch. 26, sec. 117*f*), and contained the necessary representations to entitle him to have his name placed upon the ballot as requested in his application. Afterwards, on the same day, a petition was filed, signed by 25 qualified electors of the democratic party, asking the respondent to place the name of the relator upon the primary ballot to be voted by the democratic electors of the state for the same office. This petition was filed pursuant to section 45 of the primary election law (Comp. St. 1907, ch. 26, sec. 118*s*), and contained the statement that the relator was a candidate, for the same office, of the people's independent party. The section referred to contains the following language: "When the name of the candidate appears on a petition presented by a political party or members thereof with the required number of signers and it is expressly stated in said petition that the candidate is a candidate of two or more parties, each of which shall be entitled to nominate a candidate, then it shall be the duty of the officer making up the ballot to place the name of such candidate or candidates upon the ballot in the same manner as now provided for in the general election law for ballots at the general election." With this petition the relator filed his affidavit as follows: "State of Nebraska, Lancaster County, ss.: John L. Sundean, being first duly sworn, deposes and says that he affiliates with the parties named in the within certificate, to wit, the people's independent

party and the democratic party, and that he will abide by the results of the primary election to be held on September 3, 1907, in the state of Nebraska, and if elected will qualify and serve as regent of the university of Nebraska. John L. Sundean. Subscribed in my presence and sworn to before me this 20th day of July, 1907. (Seal.) A. S. Tibbets, Notary Public."

The respondent refused to place the name of the relator upon the ballots of both parties, and the question so presented was whether the same person, being otherwise qualified and having complied with the statute, is entitled to become the candidate for nomination of more than one political party at a primary election. The language above quoted from the primary election law is perhaps not entirely clear in its phraseology. There are other expressions in the statute not constructed with the view of harmonizing the form of expression used with the provision quoted. We think, however, that the purpose of the legislature in introducing into the act the language which we have quoted cannot be mistaken nor misunderstood. Unless the effect of this language is to allow more than one political party to have the same candidate for an office, it can have no purpose or meaning. The act provides: "This statute shall be liberally construed so that the real will of the electors may not be defeated by an informality or failure to comply with all provisions of law in respect to either the giving of any notice or the conducting of the primary, or certifying the results thereof." Comp. St. 1907, ch. 26, sec. 117a. If a petition with the required number of signers is presented by the members of a political party, asking that the name of an individual shall be placed upon the ballot of that party as a candidate for nomination, and also stating that the person so designated is a candidate of two or more parties, naming the parties, and each of the parties so named is entitled to nominate a candidate, "then it shall be the duty of the officer making up the ballot to place the name of such candidate or candidates upon the ballot." Comp. St., ch. 26, sec. 118s, *supra*.

Unless we consider that this means that the name is to be placed upon the ballot of each of the parties of which he is alleged to be a candidate, the necessary steps having been taken to make him a candidate of such parties respectively, we can give the language used no meaning and the whole provision becomes nugatory. If, therefore, he has qualified himself to be the candidate of a party by the application provided for in the statute, and the members of another party to the requisite number petition to have the name of the same candidate placed upon the ballot of the petitioners, specifying in the petition the fact, as the statute requires, that he is also the candidate of another party, then his name must be placed upon the ballots of both such parties as a candidate.

It was the duty of the respondent to place the name of relator upon the ballot of the people's independent party, and also upon the ballot of the democratic party, as a candidate for the office of regent of the university, and the writ was therefore allowed.

WRIT ALLOWED.